

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-44,026-12

### EX PARTE CHEYENNE PATE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 8660-A IN THE 77TH DISTRICT COURT
### FROM LIMESTONE COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of burglary of a habitation and sentenced to thirty-two years' imprisonment. The Tenth Court of Appeals affirmed his conviction. Pate v. State, No. 10-97-00015-CR (Tex. App. — Waco April 1, 1998)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he is being improperly held past his mandatory supervision release date. The date of this offense dictates that Applicant must be released to mandatory supervision when his flat time plus his good time add up to his maximum sentence. However, it appears that Applicant may also be serving a sentence for an offense committed in 2008.

That sentence was originally running consecutively to Applicant's sentence in this case, but it appears that this sentence "ceased to operate" and that the consecutive sentence began to run in 2014. Applicant was subsequently released to parole, and his parole was later revoked. After revocation of parole, the remainder of Applicant's previously consecutive sentences would be running concurrently. *Ex parte Kuester*, 21 S.W.3d 264, 273 (Tex. Crim. App. 2000). However, it is unclear if Applicant was eligible to receive or did receive credit against his 2008 sentence or this sentence for time when he was on parole. It is also unclear if Applicant has discharged his sentence in the 2008 case, and whether he has any other sentence that would prevent him from being actually released to mandatory supervision for this sentence.[1]

Applicant has alleged facts that, if true, might entitle him to relief. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant was serving a sentence for, or has been previously

---

[1]Even if Applicant is not physically released to mandatory supervision because of another conviction or sentence, Applicant may be entitled to a "paper" release for this mandatory supervision eligible offense. *See Ex parte Rivers*, No. WR-44,786-06, 2022 Tex. Crim. App. LEXIS 338, at *11 (Tex. Crim. App. May 18, 2022).

convicted of, an offense described by § 508.149(a) of the Texas Government Code when his parole was revoked. If not, the response shall state the following:

(1) Applicant's sentence-begin date,
(2) how much time was remaining on Applicant's sentence when he was released,
(3) how much time Applicant spent on parole before any revocation warrants were issued,
(4) the dates any revocation warrants were issued and executed,
(5) whether Applicant received credit while released on parole,
(6) whether Applicant is currently serving a sentence in any other cause number, and if so, is Applicant eligible for mandatory supervision or discretionary mandatory supervision for that conviction and what is the discharge date of any such sentence,
(7) whether Applicant's flat time plus his good time add up to his maximum thirty-two year sentence in this case, and if so, whether Applicant has been released to mandatory supervision.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is being improperly held past his mandatory supervision date for this conviction. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 8, 2023
Do not publish